The **UNITED STATES** of America,
Appellee,

v.

**Robert BERZON**, Defendant-Appellant.
No. 253, Docket 29187.

United States Court of Appeals
Second Circuit.
Argued Dec. 18, 1964.

Decided Feb. 25, 1965.

John T. Curtin, U. S. Atty., Buffalo, N. Y., for appellee.

William B. Mahoney, Buffalo, N. Y., for defendant-appellant.

Before FRIENDLY, HAYS and MARSHALL, Circuit Judges.

1. "Whoever, for the purpose of obtaining any loan * * * from any person, * * * with the intent that such loan * * * shall be offered to or accepted by the Federal Housing Administration

**PER CURIAM.**

Appellant was convicted in the United States District Court for the Western District of New York on one count of a five count indictment charging him with making false statements in a Credit Application for the purpose of obtaining a loan to be insured by the Federal Housing Administration in violation of 18 U.S.C. § 1010.[1]

This appeal raises the single issue: was the misstatement in the Credit Application knowingly made, and not the result of mistake or inadvertence? We hold that this question was one for the jury, and having been decided by the jury adversely to appellant, it should not be disturbed by us.

It is not disputed that appellant, a contractor, filled out the application in the presence of the loan applicant; and that the applicant told him his age was 76 but appellant put down 65.

Appellant puts great stress on the testimony of the bank official in charge of home improvement loans:

"The Court: Let me ask you this; as a credit man, among your other duties, when you are concerned with age I would assume—you may not agree—that you are interested in the age of an applicant because you want to know two things: how long he reasonably will live, how long he reasonably will work so that he can pay you back?

"The Witness: That is correct.

"The Court: If he is retired you are not concerned then, are you?

"The Witness: Well, no, actually being retired on a pension gives us a stability of the income. It does raise the question as to how long the man might live to—

"The Court: I say, basically what you are concerned with when giving

for insurance * * * makes * * * any statement, knowing the same to be false * * * shall be fined not more than $5,000 or imprisoned not more than two years, or both."

out your money is how much he makes, how long he may reasonably be expected to make it in the light of his years?

"The Witness: That is right.

"The Court: If I were to apply and put down 'retired,' you wouldn't look to my earnings for repayment, you would look to my other assets?

"The Witness: Yes, and the length of the loan you apply for."

There is sufficient substance in this testimony itself to raise the question for the jury. The witness testified that the bank was interested in length of life, and we do not read the testimony to say the bank's interest in this point ceased upon retirement. A five year loan to a man of 76 would certainly be a matter of consideration. The testimony of the misstatement of age in the Credit Application is not contradicted. Appellant put on no evidence and did not except to any portion of the judge's charge to the jury.

The judgment of conviction is therefore affirmed.